UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

**415 WEST 150 LLC,**

Debtor.

Chapter 11

Case No. 12-13141 (SMB)

# FINDINGS OF FACT PERTAINING TO
# THE CONTEMPT MOTION BROUGHT ON BEHALF OF THE RECEIVER

**WHEREAS**, on September 12, 2012, Sally E. Unger, Esq., counsel for Miriam Breier, the Receiver in the above-captioned bankruptcy case, filed a motion to hold the Debtor, 415 West 150 LLC (hereinafter "Debtor") and Martin Weise, Managing Member of the Debtor, in contempt of this Court's order dated August 27, 2012 [Docket No. 24]; and

**WHEREAS**, on September 13, 2012, the Receiver filed proof of service verifying that the motion had been duly served by ordinary first class mail in sealed envelopes, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York [Docket No. 26]; and

**WHEREAS**, Neil R. Flaum, Esq. has filed a notice of appearance on behalf of the Debtor, listed on the Court's Docket [Docket No. 18] for electronic notification; and

**WHEREAS**, the Debtor failed to serve or file any papers responsive to the instant motion; and

**WHEREAS**, the motion for contempt came on to be heard on September 27, 2012 [Docket No. 24]; and

**WHEREAS**, the Debtor and its counsel failed to appear on September 27, 2012; and

**WHEREAS**, on September 27, 2012 a hearing was held on the contempt motion;

**NOW THEREFORE**, based upon this Court's review of the various documents filed in support of the motion for contempt; and upon all of the evidence proffered or adduced at, and arguments of counsel made at the Hearing; and after due deliberation;

**IT IS HEREBY FOUND AND DETERMINED by this Court:**

## FACTS

1. **MIRIAM BREIER** (hereinafter "Receiver") was initially appointed as Receiver for the building known as and located at 415 West 150th Street, New York, New York (hereinafter "subject building"), by New York State Supreme Court Justice Judith Gische, by order dated February 9, 2012 (hereinafter "Supreme Court Order") [Docket No. 21, Exhibit 1].

2. Under the terms of the Supreme Court Order, the Receiver was authorized to forthwith take charge and enter into possession of the subject building [Docket No. 21, Exhibit 1, pp. 3, 4].

3. The Supreme Court Order authorized the Receiver to rent or lease any part of the subject building for terms not exceeding one year or such longer terms as may be required by the State of New York [Docket No. 21, Exhibit 1, p. 5].

4. The Supreme Court Order enjoined and restrained the Debtor, or anyone acting on behalf of the Debtor, from collecting the rents, license fees and other charges of the subject building and from interfering in any manner with the subject building or its possession [Docket No. 21, Exhibit 1, p. 6].

5. The Supreme Court Order required the Debtor, any other owner of record, or anyone acting on behalf of the Debtor, to turn over to the Receiver all rents collected from and after the date of the Supreme Court Order [Docket No. 21, Exhibit 1, p .6].

6. On July 19, 2012, the Debtor, 415 W 150 LLC, filed a Chapter 11 Petition with this Court. Martin Weise executed the Petition on behalf of the Debtor as its Managing Member [Docket No. 1].

7. By motion dated August 15, 2012, the principal creditor in this matter, Hamilton Heights Funding LLC, sought entry of an Order Excusing Receiver from Compliance with Turnover Requirements and Establishing Powers and Duties of Receiver Pursuant to 11 U.S.C. §543(d)(1) (hereinafter "Receivership Motion") [Docket No. 15].

8. On August 23, 2012, the Receivership Motion was heard and this Court ruled from the bench that the Receiver would remain in place and would continue with her duties and responsibilities as set forth in the Supreme Court Order.

9. On August 28, 2012, the Debtor was electronically notified of the Order issued by this Court on August 27, 2012, retroactively to the filing of the Petition and prospectively excusing the Receiver (hereinafter "Receiver's Bankruptcy Court Order") from turning over the rental income and control of the subject building and directing the Receiver to remain in place with the same duties and responsibilities as set forth in the Receiver's Supreme Court Order [see Docket No. 21].

10. After this Court issued the Receiver's Bankruptcy Court Order, Martin Weise continued in his leasing efforts, transactions and collection of funds in his own name individually in connection with the rental of apartments in the subject building,

which is the sole asset of the Debtor's bankruptcy estate [see Docket No. 1 (listing the subject building as the Debtor's sole asset)].

11. On August 6, 2012, a lease between Martin Weise, as Landlord, and John Thompson, as Tenant of Unit No. 602, was executed for a one year term with the monthly rent of Two Thousand Four Hundred and Fifty Dollars ($2,450.00), and a security deposit in the same amount. Mr. Weise was given two (2) cashier checks totaling Four Thousand Nine Hundred Dollars ($4,900.00), drawn to him individually [Docket No. 24, Exhibit F].

12. On August 8, 2012, a lease between Martin Weise, as Landlord, and Jasmine Martin and Candice Hardie, as Tenants of Unit No. 301, was executed for a one year term with a monthly rent of Two Thousand Four Hundred Dollars ($2,400.00). Martin Weise collected rent for part of August, September and the tenants' last month in future in the amount of Six Thousand One Hundred and Sixteen Dollars and Fourteen Cents ($6,116.14), together with a security deposit in the amount of Two Thousand Four Hundred Dollars ($2,400.00) [Docket No. 24, Exhibit G].

13. On August 22, 2012, a lease between Martin Weise, as Landlord, and Andrew and Patrique Smellie, as Tenants of Unit No. 501, was executed for a one year term with monthly rent of Two Thousand Four Hundred Dollars ($2,400.00), and a security deposit in the same amount [Docket No. 24, Exhibit H].

14. On August 10, 2012, a lease between Martin Weise, as Landlord, and Brenda Marie Alexander, as Tenant of Unit No. 202, was executed for a two year term with a monthly rent of Two Thousand Four Hundred Dollars ($2,400.00) for the first year with a security deposit in that amount, and Two Thousand Four Hundred and Ninety-Six Dollars ($2,496.00) for the second year. According to the lease, Ms. Alexander was to

4

pay twelve (12) months' rent at lease signing in the amount of Twenty-Eight Thousand Eight Hundred Dollars ($28,800.00) [Docket No. 24, Exhibit I].

15. On August 28, 201, a lease between Martin Weise, as Landlord, and Andrea Blaine, as Tenant of Unit No. 603, was issued on behalf of Martin Weise and executed by the proposed tenant for a one year term with a monthly rent of Two Thousand One Hundred and Fifty Dollars ($2,150.00). This lease was backdated as a subterfuge to avoid the Receiver's Bankruptcy Court Order. This statement is supported by copies of the checks issued to Martin Weise dated August 28, 2012 [Docket No. 24, Exhibit J].

16. On August 29, 2012, a purported lease between Martin Weise, as Landlord, and Jeremy Gaylord, as Tenant of Unit No. 601, was issued for a one year term with a monthly rent of Two Thousand Four Hundred and Fifty Dollars ($2,450.00). This lease was backdated to August 19, 2012, to appear to be issued prior to the date of the Receiver's Bankruptcy Court Order. This backdating was confirmed by an August 29, 2012 email from Liesbeth Uiterloo to Mr. Gaylord, to which Ms. Uiterloo attached the backdated lease [Docket No. 24, Exhibit K].

17. Martin Weise impermissibly entered into four (4) leases in his own name individually as Landlord, after the filing of the Petition [Docket No. 24, Exhibits F – I]

18. Martin Weise impermissibly issued an additional two (2) leases, though not fully executed, after the Court's issuance of the Receiver's Bankruptcy Order [Docket No. 24, Exhibits J and K].

19. Martin Weise impermissibly collected rents in the amount of Thirty-Seven Thousand Three Hundred and Sixty-Six Dollars and Fourteen Cents ($37,366.14) after

5

the filing of the Petition and the issuance of the Receiver's Bankruptcy Order [Docket No. 24, Exhibits F, G, and I].

20. Martin Weise impermissibly collected security deposits in the amount of Seven Thousand Two Hundred and Fifty Dollars ($7,250.00) since the filing of the Petition [Docket No. 24, Exhibits F - H].

21. Martin Weise interfered, impeded, impaired prejudiced and defeated the Receiver's ability to perform her duties by issuing and entering into leases, collecting rents and security deposits after the filing of the Petition and the Receiver's Bankruptcy Order [Docket No. 24].

**Dated: New York, New York
October 8, 2012**

**Respectfully submitted,**

_____
**Sally E. Unger, Esq.
Kossoff & Unger
Attorneys for Receiver
217 Broadway, Suite 401
New York, NY 10007
(212) 267-6364**

6